Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OSHA M. HOPSON, *on behalf of herself and those similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>FMS FINANCIAL SOLUTIONS, LLC, DONNAMARIE MEYERS, and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Osha M. Hopson, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, FMS Financial Solutions, LLC, Donnamarie Meyers (and John Does 1 to 10) states:

## I.   NATURE OF THE ACTION

1. This action stems from Defendant's conduct and failure to comply with the Fair Debt Collection Practices Act[1] ("FDCPA"), when attempting to collect consumer debts from consumers.

## II.   JURISDICTION AND VENUE

---

[1] 15 U.S.C. § 1692 *et seq.*

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III.   PARTIES

4. Plaintiff Osha M. Hopson ("Plaintiff" or "Hopson") is a natural person residing in Essex County, New Jersey.

5. Defendant, FMS Financial Solutions, LLC ("FMS"), is a foreign corporation with its principal place of business located at 9001 Edmonston Road, Suite 20, Greenbelt, Maryland, 20770. FMS is engaged in the purchase and/or collection of defaulted consumer debts.

6. Defendant Donnamarie Meyers ("Meyers"), principal owner, officer, director, shareholder, and/or managing director of FMS.

7. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of FMS is the collection of debts.

12. Plaintiff incorporates by references the entire website of FMS: http://www.fmsfinancialsolutions.com.

13. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14. Meyers is a principal owner, officer, director, shareholder, and/or managing director of FMS.

15. Meyers personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the unlawful policies and procedures used by herself and other employees of FMS complained of herein.

16. Defendants have asserted that Plaintiff incurred or owed certain financial obligations arising from certain accounts which arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debt" or "Account").

17. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. Defendants contend that the Account was past-due and in default.

19. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

20. In attempts to collect the Debt, Defendants mailed a collection letter to Plaintiff on or about June 15, 2016 ("FMS Letter"). A true but redacted copy of the FMS Letter is attached as *Exhibit A*.

21. The FMS Letter was mailed in an attempt to collect the Debt.

22. The FMS Letter was the initial written communication from Defendants to Hopson concerning the Debt.

23. The FMS Letter failed to include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]"[2]

## V. POLICIES AND PRACTICES COMPLAINED OF

24. It is Defendants' policy and practice to send initial written collection communications in the form attached as Exhibit A, which fail to give notice that the recipient can dispute the debt, **or any portion thereof**, in writing within the third-day period, as provided by 15 U.S.C. § 1692g(a)(4).

25. Defendants' omission of the words "or any portion thereof" misrepresents to the least sophisticated consumer that the entire debt must be disputed in writing when in fact any portion of the debt may be disputed pursuant to section 1692g(a)(4).

26. Such policy and practice is in violation of the FDCPA.

## VI. CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict, or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All natural persons with an address within in the State of New Jersey, to whom, from June 14, 2016 through the final resolution of this case, Defendants sent an initial communication in an attempt to

---

[2] 15 U.S.C. § 1692g(a)(4) (emphasis added).

collect a consumer debt, which failed to include the statement required by 15 U.S.C. § 1692g(a) and/or 15 U.S.C. § 1692g(a)(4).

29. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

30. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

31. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692g(a) and 1692g(a)(4); and

    C. Whether Plaintiff and the Class are entitled to statutory damages.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

33. Plaintiff's claims are typical of the claims of the members of the Class.

34. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

35. Plaintiff does not have interests antagonistic to those of the Class.

36. The Class, of which Plaintiff is a member, is readily identifiable.

37. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed

Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

38. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

39. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII.  VIOLATIONS OF THE FDCPA

40. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

42. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

43. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

44. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

45.   Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

46.   The FMS Letter, a copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

47.   The FMS Letter is an "initial communication" as defined by 15 U.S.C. § 1692g(a).

48.   Defendants' use of the written communication in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA by failing to state the mandated disclosures under 15 U.S.C. § 1692g, which is in violation of 15 U.S.C. §§ 1692e, 1692g(a) and 1692g(a)(4).

49.   Based on the violation, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Osha M. Hopson, on behalf of herself and others similarly situated, demands judgment against Defendants FMS Financial Solutions, LLC, and Donnamarie Meyers as follows:

- A. For certification of this instant matter as a class action, appointing the named Plaintiff as the representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

- B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

- C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

- D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

- E. For pre-judgment and post-judgment interest; and

  F. For such other and further relief as the Court deems equitable and just.

## IX. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding:

              KIM LAW FIRM LLC

              *s/ Yongmoon Kim*
Dated: June 14, 2017       Yongmoon Kim
              *Attorneys for Plaintiff on behalf of herself and those similarly situated*