NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OSHA HOPSON,
*on behalf of herself and those similarly situated*,
Plaintiffs,

v.

FMS FINANCIAL SOLUTIONS, LLC & JOHN DOES 1-10,
*Defendants*.

Civil Action No. 17-4341

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant FMS Financial Solutions, LLC's ("Defendant" or "FMS") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 8. Plaintiff Osha Hopson ("Plaintiff" or "Hopson") filed a brief in opposition, D.E. 11, to which Defendant replied, D.E. 13.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

---

[1] In this Opinion, Defendant's motion to dismiss (D.E. 8) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 11) will be referred to as "Pl. Opp." Defendant's reply brief (D.E. 13) will be referred to as "Def. Rep."

I. **FACTS AND PROCEDURAL HISTORY**

   **A. Factual Background**

Plaintiff is a New Jersey resident. Complaint ("Compl.") ¶ 4; D.E.1. Defendant is a Maryland corporation primarily engaged in the business of debt collection. *Id.* ¶ 5. At some point prior to June 2016, Plaintiff allegedly incurred a debt that "arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes (the "debt"). *Id.* ¶ 16. The debt was declared to be in default and assigned to FMS for collection. *Id.*

FMS mailed Plaintiff a letter, dated June 15, 2016, concerning the debt (the "Collection Letter"). *Id.* ¶ 20. The only portion of the Collection Letter at issue is the validation notice. It reads as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor if different from the current creditor.

*Id.* ¶ 20, Ex. A.[2] The Collection Letter was Defendant's initial communication with Plaintiff. *Id.* ¶ 22.

---

[2] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Complaint is based on the Collection Letter, and neither party disputes its authenticity.

### B. Procedural Background

On June 14, 2017, Plaintiff filed a putative class action Complaint on behalf of herself and others similarly situated. D.E. 1. The Complaint alleges one count based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *Id.* at ¶ 48. Plaintiff claims that Defendant's Collection Letter violated Sections 1692e, 1692g(a)(3), and 1692g(a)(4) of the FDCPA. *Id.* at ¶¶ 40-41. On September 7, 2017, Defendant filed the current motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. LAW AND ANALYSIS

#### A. FDCPA

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for

4

bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

The Third Circuit has reasoned that the FDCPA's purpose of protecting consumers "is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's [communications]." *Id.* (alteration in original). Thus, the Third Circuit has held that a debt collector "is responsible for its [communication's] content and for what the least sophisticated debtor would have understood from it." *McLaughlin v. Phelan Hallinan & Schmieg*, LLP, 756 F.3d 240, 246 (3d Cir. 2014) (alteration in original). A communication will be found deceptive if, under the least sophisticated debtor standard, the communication "can be reasonably read to have two different meanings, one of which is inaccurate." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015).

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf[.]" *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Pollice*, 225 F.3d at 403.

5

The parties do not dispute that under the statute Plaintiff is consumer, Defendant is a debt collector, or that Defendant was attempting to collect a debt from Plaintiff. Thus, the first three elements of a FDCPA cause of action are not at issue. The critical question is whether Defendant violated a provision of the FDCPA in collecting the debt owed to FMS. As to the fourth element, violations of the FDCPA, 1692e, 1692g(a)(3), and 1692g(a)(4) are at issue.

Section 1692e, "False or Misleading Representations," in relevant part, provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt[.]" 15 U.S.C. § 1692e.

Section 1692g(a), "Validation of Debts," provides as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

>   collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

## B. LEGAL ANALYSIS

The Plaintiff's sole allegation is that the language in the Collection Letter's validation notice, specifically the omission of "or any portion thereof" from the second sentence of the notice, violates the FDCPA. Compl. ¶¶ 23-25. No other part of the Collection Letter's form or substance is dipsuted.

As quoted above, Section 1692g(a) addresses the required validation notice, meaning "the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Section 1692e prohibits false representations or deceptive means to collect a consumer debt. Notably, Plaintiff alleges violations of both sections based on the same conduct, that is, whether the language, or more aptly lack thereof, in the Collection Letter's validation notice "misrepresents to the least sophisticated consumer that the entire debt must be disputed in writing when in fact any portion of the debt may be disputed." Compl. ¶ 25. The Third Circuit has found that "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the 1692g claim is usually dispositive." *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 155 (3d Cir. 2013) (quotation omitted); *see also Cruz v. Fin. Recoveries*, No. 15-753, 2016 U.S. Dist. Lexis 83576, at *11 (D.N.J. June 18, 2016) (holding that "when language is upheld pursuant to Section 1692g, that analysis is usually dispositive for Section 1692e"). Accordingly, the Court begins its analysis with Plaintiff's Section 1692g(a) claims.

Defendant argues that the validation notice in the Collection Letter does not mislead the least sophisticated debtor. Def. Brf. at 5-6; D.E. 8. Defendant points out that the first sentence in the validation notice informs the debtor that she has thirty days to "dispute the validity of the debt, or any portion thereof" within thirty days. *Id.* Therefore, Defendant claims, it follows, that the phrase "dispute the validity of this debt" in the second sentence refers to the debt dispute language in the first sentence. *Id.* In support, Defendant cites *Naranjo v. Vision Fin. Corp.*, No. CIV. 2:13-00792, 2014 WL 1908501, at *1 (D.N.J. May 13, 2014) and *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 272 (7th Cir. 2014).

Plaintiff responds that the language in the validation letter "fails to properly advise" the debtor the she can dispute either the entire debt, or just a portion thereof, in writing. Pl Opp. at 10; D.E. 11. In particular, Plaintiff argues that the inclusion of the phrase "or any portion thereof" in the first sentence, and then the omission of it in the second sentence, could make a debtor think that to dispute the debt at all she must dispute the *entire* debt. *Id.* To support her motion, Plaintiff relies on *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 776 (9th Cir. 1982).

As noted, Section 1692g(a) of the FDCPA provides for five categories of information that a debt collector must provide in writing to a debtor. To comply with the requirements of Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." *Quadramed,* 225 F.3d at 354. The Second Circuit has ruled that "there simply is no requirement that the letter quote verbatim the language of" Section 1962g. *Emanuel v. American Credit Exchange,* 870 F.2d 805, 808 (2d Cir. 1989). Judge Irenas, relying on the Second Circuit's determination, similarly ruled that a strict recitation is unnecessary, finding instead that the debt

8

collector must "convey the gist of the provision in a nondeceptive statement." *Wilson v. Mattleman, Weinroth & Miller*, 2013 WL 2649507, at *3-4 (D.N.J. June 12, 2013).

In *Naranjo*, the debtor plaintiff similarly claimed that a variation from the FDCPA statutory language in the collection letter's validation notice violated Sections 1692g(a) and 1692e(10). 2014 WL 1908501, at *1. The *Narango* validation notice read:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. *If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such a judgment or verification.* If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

*Id.* (emphasis in original). Thus, the second sentence did not include the language of notifying the debt collector that "the debt, or any portion thereof, is disputed." The plaintiff filed a complaint alleging that this omission made it unclear to him that in order to dispute the debt he had to submit in writing that he disputed the debt, in whole or in part. *Id.*

Judge Walls granted the defendant's motion to dismiss. *Id.* at 4. In finding no violation of Section 1692g, Judge Walls looked primarily to *Gruber v. Creditors' Protection Service, Inc*, 742 F.3d 271, 273 (7th Cir. 2014). *Id.* at 3. Relying on the *Gruber*, Judge Walls found that the variation in the second sentence of the validation notice from the statutory language was "immaterial." *Id.* After analyzing the notice through the lens of the least sophisticated debtor, the *Naranjo* court found only one plausible reading of the notice. Reading the validation notice as a whole, Judge Walls concluded that the notice effectively communicated to the plaintiff his statutory rights to dispute the debt. *Id.*

In *Gruber,* the Seventh Circuit consolidated four separate cases where the debtor plaintiffs alleged that debt collection letters contained validation notices in violation of the FDCPA. 742 F.3d at 272. The validation notices read:

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.

*Id.* at 273.

The plaintiffs' "core argument" was that since the notice's second sentence omitted the statutory phrase "that the debt, or any portion thereof, is disputed," the notice might mislead the debtor to request verification of the debt rather than to dispute it. *Id.* at 274. The Seventh Circuit disagreed. *Id.* First, the *Gruber* court pointed out that a debtor asking for a verification of a debt equated to disputing the debt. *Id.* Thus, whether the debtor said "I want the debt verified" or "I dispute the debt," the impact was the same. *See id.* Second, the court in *Gruber* found that the most natural interpretation of the second sentence was that one could object to the debt. *Id.* Therefore, the Seventh Circuit concluded that the validation notice did not violate Section 1692g. *Id.*

The Court finds *Narango* and *Gruber* persuasive. The validation notice in the Collection Letter does not violate Section 1692g. The first sentence of the notice directly tracks the statutory language and reads: "[u]nless you notify this office within 30 days after receiving this notice that you dispute *the validity of the debt, or any portion thereof,* this office will assume this debt is valid." Compl. ¶ 20, Ex. A (emphasis added). The contested sentence immediately follows, and, in relevant part, reads: [i]f you notify this office in writing within 30 days from receiving this notice, that you dispute *the validity of this debt* this office will obtain verification of the debt [.]"

10

*Id.* (emphasis added). Section 1692g's statutory language includes the phrase "or any portion thereof." However, the omission of it from the second sentence here does not materially impact the effectiveness of the validation notice.

The least sophisticated debtor is expected to read "the entire document with care." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 301 (3d Cir. 2008). Here, the least sophisticated debtor would read the first sentence, indicating that she could dispute *"the validity of the debt, or any portion thereof,"* just before the second sentence, stating that if she notified the debt collector in writing that she disputed *"the validity of this debt"* it would obtain verification of the debt. The proximity of the two sentences supports Defendant's position. In addition, the use of the pronoun "this" before "debt" in the second sentence clearly references the debt discussed in the first sentence, which included the phrase "or any portion thereof." In light of the first sentence, the only reasonable reading of the second sentence is that Plaintiff can dispute the debt, whether in whole or in part.

Further, as noted, a debt collector "is not required to quote directly from the language of the statute" as long as it effectively informs the debtor of her rights to dispute the debt's validity. *Wilson*, 2013 WL 2649507, at *3. In fact, the Seventh Circuit in *Gruber* found that the omission of the entire phrase "that you dispute the validity of this debt or any portion thereof" from the second sentence of the validation notice did not impact the effectiveness of the notice. Judge Walls reached the same conclusion in *Narango* based on slightly different facts. Here, the facts are even more compelling because the validation notice only omits the words "or any portion therefore" from the second sentence. The second sentence still included the language about notifying the debt collector in writing if Plaintiff disputed the debt and, if Plaintiff did so, Defendant would provide Plaintiff with verification of the debt. *Cf. Wilson*, 2013 WL 2649507, at *4 (denying

11

motion to dismiss because the collection letter failed to inform the plaintiff that if she did not contest the debt, it would be assumed valid).

Finally, the facts in *Baker* are distinguishable from the facts here. 677 F.2d 775 (9th Cir. 1982). The validation notice in *Baker* provided: "Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days. Otherwise, the debt will be assumed to be valid." *Id.* at 778. Although the district court found a Section 1692g violation based on the notice failing to inform the debtor that he could dispute a portion of the debt, the Ninth Circuit found that the notice "barely inform[ed] the debtor that he may even dispute the entire debt." *Id.* The language in the *Baker* validation notice did not even include the word "dispute." In other words, *nowhere* in the validation notice did it inform the plaintiff that he could dispute a portion of the debt. Here, by comparison, the validation notice's first and second sentences both included language on how to dispute the debt, and the first sentence expressly references a portion of the debt.

Viewing the Collection Letter's validation notice from the perspective of the least sophisticated debtor, the notice sufficiently communicates to Plaintiff her rights pursuant to Section 1692g. Therefore, the Court finds that the Collection Letter does not violate Section 1692g and, as result, it also does not violate Section 1692e(10).

V. **CONCLUSION**

For the foregoing reason, Defendant's motion to dismiss (D.E. 8) is **GRANTED with prejudice**. Because Plaintiff cannot change the Collection Letter, any attempted amendment to the Complaint would be futile. An appropriate Order accompanies this opinion.

Dated: May 7, 2018

                                                          *John Michael Vazquez, U.S.D.J.*